## KOLP v. MACO OIL CO.
### No. 4291.

Court of Civil Appeals of Texas. Texarkana.
Feb. 16, 1933.

Rehearing Denied Feb. 23, 1933.

Fischer & Fischer, of Tyler, for appellant Kolp.

Weeks, Hankerson & Potter, of Tyler, for appellee Maco Oil Co.

LEVY, Justice.

The two cases here set out were consolidated and tried as one, and from the judgment therein rendered this appeal is prosecuted.

C. F. Kolp filed suit on November 14, 1931, against Maco Oil Company seeking to recover as an indebtedness due and owing to him one-half of the operating costs in the oil production upon a certain lease upon 9.45 acres, called the Mayfield-Alford A Lease. C. F. Kolp also in the suit sought to have the reformation of a contract alleged to govern the operation of the lease. The Maco Oil Company filed a suit on January 26, 1932, against C. F. Kolp, seeking specific performance of a contract alleged to have been made up in a series of telegrams exchanged between Maco Oil Company, C. F. Kolp, and Foster and Jeffreys. In the suit first mentioned, the Maco Oil Company by its answer specially classified the various expenses shown by the alleged account of C. F. Kolp admitting liability for certain items and denying liability as to the other items, and further specially denied the other allegations of the petition. In the second suit mentioned, the defendant C. F. Kolp, by his answer, denied that the contract of sale was ever consummated, and further set up an alleged parol agreement between the parties whereby the Maco Oil Company agreed that it would pay one-half the operating expenses incurred by C. F. Kolp in operating the Mayfield A Lease. The answer further entered special exceptions and a general demurrer to the petition of the Maco Oil Company. These exceptions, which the court overruled, are made the basis of the assignment of errors on appeal by C. F. Kolp.

After hearing the evidence, the case was submitted to a jury upon special issues, and upon their answers thereto the court entered judgment in favor of the Maco Oil Company for specific performance of the alleged contract of sale vesting title to C. F. Kolp's one-fourth of seven-eighths interest in a leasehold estate in the Maco Oil Company subject to an oil payment of $15,625 payable from one-eighth of seven-eighths of the oil produced from the two oil wells and other wells when drilled on the leased premises. The judgment further adjudged in favor of C. F. Kolp against the Maco Oil Company the sum of $4,971, with interest, as being the one-half of the operating expenses sued for. C. F. Kolp and the Maco Oil Company have each appealed from the judgment. It becomes unnecessary to make conclusions of fact or further statement of the case. The assignments of error bring in review for decision by this court the pleadings and the judgment.

The appellant C. F. Kolp's assignment of error No. 1 complains of the overruling of special exceptions to the petition because the description of the lease was too indefinite to be located. It is believed that there was no error in overruling the exception complained of because the telegrams pleaded, making up a single transaction, considered in

the light of each other, give a sufficient description of the lease so as to make definite by parol evidence.

The third assignment of error by the appellant Kolp is to the point that the judgment decreeing title to the one-fourth of the oil production to the Maco Oil Company, and of awarding payment to C. F. Kolp of proceeds of one-eighth of seven-eighths of the oil production until $15,625 be paid, is contrary to and not warranted by the pleadings and the verdict of the jury. This assignment, it is concluded, should be overruled.

■ The second assignment of error complains of overruling the exception to the petition, which was, in substance, that the telegrams as set out and made the basis of the alleged agreement do not show a mutuality of assent between the parties as to the terms or condition of the sale, and method of payment of the consideration. It is believed that this exception should have been sustained. The original proposition, made by Mr. Foster to Maco Oil Company, as alleged in the petition, was to either buy or sell the interest of the party in the lease on the price stated, "payable out of oil to be taken out of one half of respective interest of the parties interested." The telegram by Mr. Kolp expressed willingness to buy or sell interest "with understanding that payments out oil be based one one-fourth for your interest and one-eighth each for Foster and my interest." Upon receiving this telegram, the Maco Oil Company, on November 4, 1931, made inquiry of Mr. Kolp as to "what date" the trade if carried out "will be effective." To this telegram Mr. Kolp made answer that it would be effective either "November fifteenth" or "December first." After further telegrams passed between the oil company and Mr. Kolp of date November 5, 1931, the following telegram was sent by the Maco Oil Company to appellant Kolp at Tyler, Texas: "As outlined in your recent telegram we are hereby accepting your proposition and will buy your equity of ¼ interest in the Mayfield-Alford Company in 9.45 acres lease known as the 'A' lease. We to pay you for same $15,625.00 payable out of ⅛ of the working interest of ⅞ of the oil from the two wells now on said lease if and when produced, saved and sold. We are to acquire a ¼ interest in all properties now on said lease belonging to same or the two wells thereon free of all encumbrances and will be entitled to all oil run from said lease after 7:00 o'clock a. m. November 7, 1931. We will have our attorneys prepare papers of transfer for your signature tomorrow. Please confirm this trade at once by telegram. We are also buying Frank Foster's interest."

Up to this present telegram none of the telegrams had mentioned or stated anything about the purchase price, which was to be in oil, being payable out of "the oil taken from the two wells now on said lease." The previous telegrams from both Kolp and Foster had proposed that the purchase price oil should be "payable out of oil" of the "respective interests" in the lease of the parties. In effect this was a counter proposition to C. F. Kolp. The Maco Oil Company on November 6th sent a telegram to C. F. Kolp at Tyler, reading: "Please let us have telegram accepting finally our proposition of last night to buy your interest in 'A' lease. This in order that we may close up same with you today."

On November 6th, C. F. Kolp replied to this telegram to the Maco Oil Company: "In re tel this satisfactory provided I am paid in cash all moneys due me as of date the transfer papers are signed. Foster agreed to this."

As far as pleaded, this ended the negotiations between the parties, except that it was alleged that the Maco Oil Company called C. F. Kolp on the telephone and made demand of him that he convey his interest in the lease to it on the terms of the telegrams to him, which C. F. Kolp refused to do. It would seem clear that, in the absence of other allegations, the proposition respecting the limitation of the payment of the oil "from the two wells now on said lease" was never mutually assented to by the parties. It may not be said that the parties mutually assented that the payment of oil for the sale of the lease should be limited only to the oil produced "from the two wells now on said lease" rather than and instead of from the oil produced from the entire leased premises.

■ Maco Oil Company in its cross-appeal assigns as error that the verdict of the jury in respect to its finding of the amount due for operating expenses is contrary to the evidence. After consideration of the evidence, it is believed that the assignment should be sustained upon the ground that the proof offered in support of the account lacks definiteness of showing that the amount charged for each item in the account was a reasonable charge. The testimony of the witnesses does not affirmatively show that they had knowledge that the materials and labor set forth in the account were in fact expended upon the leased premises and of whether the materials that were furnished were new or secondhand.

The judgment of the district court is reversed, and the cause remanded as to both appeals; the costs of appeal by Maco Oil Company to be paid by C. F. Kolp and the costs of the appeal by C. F. Kolp to be paid by the Maco Oil Company.